# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DUGAN CALVIN RUSSELL**                                                                 **PLAINTIFF**

**V.**                                                                             **NO. 3:13-CV-00030-DMB-JMV**

**ALLIANZ LIFE INSURANCE**
**COMPANY OF NORTH AMERICA;**
**LTCAMERICA INSURANCE**
**COMPANY; LIFE INSURANCE USA**
**COMPANY; and XYZ CORPORATIONS**
**1-50**                                                                                **DEFENDANTS**

## ORDER ON MOTIONS IN LIMINE

Before the Court are five (5) separate motions in limine filed by Defendants Allianz Life Insurance Company of North America, LTCAmerica Insurance Company, and Life USA Insurance Company (collectively, "Allianz"). Docs. #125, 126, 127, 128, 129. The Court's ruling on each motion is set forth below.

## I
## Motions in Limine

**A. Trial Bifurcation and Defendants' Net Worth**

Allianz requests that the Court bifurcate any punitive damages phase from the liability and compensatory damages phase of the trial, and seeks to exclude "any and all evidence, testimony, exhibits, questions, commentary, references, statements and arguments regarding [Allianz's] net worth and/or financial status" during any phase of trial. Doc. #125 at 1, 3. Russell opposes only the exclusion of evidence of Allianz's net worth and/or financial status in any punitive damages phase. Doc. #131 at 1. Therefore, Allianz's request to bifurcate the

compensatory phase of trial and any punitive damages phase of trial[1] and its request to exclude evidence of, or reference to Allianz's net worth and/or financial status during the liability and compensatory phase of trial[2] will be granted as unopposed.

However, Allianz's request to exclude evidence of net worth and financial status during the punitive damages phase of trial, if reached, will be denied. The Court rejects Allianz's argument that the Fourteenth Amendment and Supreme Court jurisprudence prohibit evidence of a defendant's net worth in the determination of punitive damages. Doc. #125 at 3-4 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003), and *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 591 (1996)). In *Campbell*, the Supreme Court addressed the prohibition against grossly excessive or arbitrary punishments pursuant to the Due Process Clause of the Fourteenth Amendment. *See* 538 U.S. at 417 (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)). But, in *Gore*, the Supreme Court clarified that while the financial position of a defendant "provides an open-ended basis for inflating awards when the defendant is wealthy, … [t]hat does not make its use unlawful or inappropriate." 517 U.S. at 591. In view of this precedent, Allianz's request to exclude evidence of net worth and financial status during trial if the case proceeds to the punitive damages phase is without merit.[3]

---

[1] Bifurcation of the compensatory and punitive damages phases of trial is consistent with Miss. Code. Ann. § 11-1-65. *See Simpson v. Economy Premier Assur. Co.*, 2006 WL 2590620, at *3 (N.D. Miss. Sept. 8, 2006) (granting defendant's motion to bifurcate).

[2] *See Beck v. Koppers, Inc.*, 2006 WL 924040, at *1 (N.D. Miss. Apr. 7, 2006) (granting motion in limine and excluding evidence of defendant's net worth and financial status from first stage of trial).

[3] Miss. Code Ann. § 11-1-65(e) states that "the fact finder, in determining the amount of punitive damages, shall consider, to the extent relevant, … the defendant's financial condition and net worth …." *See Simpson, supra,* at *3 n.1 (noting that § 11-1-65(e) requires trier of fact to consider such evidence at punitive damages stage of trial). *See* Miss. Prac. Model Jury Instr. Civil § 11:14 (2d ed.) ("In assessing the amount of punitive damages, if any, which are appropriate in this cause, [the fact finder] may consider: (1) The financial condition and net worth of the defendant ….").

2

### B. Out-of-State Citizenship and Law Firms

Allianz seeks to exclude "any and all evidence, testimony, exhibits, questions, commentary, references, statements, and arguments regarding Defendants' out-of-state citizenship and the number of attorneys and the law firms retained by the Company in this matter, including but not limited to the size and office locations." Doc. #126 at 1. Allianz argues that any such evidence or argument is not probative of any relevant factual issues under Rule 401 of the Federal Rules of Evidence and "could only be offered for the improper purpose of creating unfair prejudice against out-of-state businesses and large corporate law firms" in violation of Rule 403. *Id.*

Having received no opposition filed by Russell, the motion is granted as unopposed. *See* L.U.Civ.R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed.").

### C. "Conscience of Community" Statements

Allianz seeks to exclude "any and all evidence, testimony, exhibits, questions, commentary, references, statements, and arguments regarding asking the jurors to 'send a message' or to look to the 'conscious [sic] of the community." Doc. #127 at 1. Allianz argues that such statements are irrelevant and unfairly prejudicial and should be excluded under Rule 403 of the Federal Rules of Evidence. As Russell has filed no opposition, the motion is granted as unopposed. *See* L.U.Civ.R. 7(b)(3)(E).

### D. Emotional Distress Damages

Allianz seeks to exclude "any and all evidence, testimony, exhibits, questions, commentary, references, statements, and arguments regarding any alleged emotional distress damages." Doc. #128 at 1. Allianz contends that although Russell's Amended Complaint

alleges he suffered emotional distress, Russell never saw a doctor for his purported depression and has offered no expert testimony regarding the same. Therefore, Allianz argues, Russell should be precluded from mentioning any alleged emotional distress damages. Russell has not filed any opposition to this motion; therefore, it is granted as unopposed. *See* L.U.Civ.R. 7(b)(3)(E).

### E. Future Damages

Allianz moves to exclude "any and all evidence, testimony, exhibits, questions, commentary, references, statements, and arguments regarding any alleged 'future' damages." Doc. #129 at 1. Allianz argues that the Federal Rules of Civil Procedure preclude Russell from introducing evidence of any future damages at trial because he failed to disclose such evidence during discovery.[4] Specifically, Allianz contends that Russell failed to identify any individual customers by name that he lost as a result of the termination of the Agent Agreement, and consequently, that he has not identified any lost sales or other harms resulting in measurable future damages.

Russell counters that he submitted evidence of his future damages during discovery through interrogatory responses and the estimate of future damages in the report of his expert, Robert Vance. Doc. #130 at 1. Russell also argues that he lost all of his Allianz customers as a result of the termination of his agent agreement with Allianz, and that under Mississippi law, he should be allowed to present evidence of past income from these customers as evidence of potential future income. *Id.* at 2-3.

---

[4] Allianz also moves to exclude the estimate of future damages in the export report prepared by Robert Vance. Allianz argues the findings are speculative and not tied to the facts of the case, and therefore inadmissible under Rule 403 of the Federal Rules of Evidence. Having granted Allianz's motion to exclude the expert testimony of Robert Vance in a separate order [138], the Court denies as moot the motion to exclude Vance's report.

4

"A party that fails to disclose information required by Rule 26(a) shall not be permitted to use the nondisclosed information as evidence at a trial …." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing Fed. R. Civ. P. 37(c)(1)) (internal ellipses and brackets omitted); *see also Horridge v. Keystone Lines, Inc.*, 2008 WL 4514310, at *2 (S.D. Miss. Oct. 1, 2008) (same). Regarding his claim for future damages, Russell will not be permitted to use at trial any such information that he failed to disclose.

Regarding proof of future damages, the law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the kind of evidence that must be produced. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013). Because the issue here is what kind of evidence may be produced as proof of damages, state law governs. Consequently, Minnesota law governs damages for Russell's breach of contract claim and Mississippi law governs damages for his breach of fiduciary duty claim, the only two claims presently remaining in this case.

Minnesota law provides that a party may prove lost future profits for a breach of contract claim through evidence of his past profits. *Haff v. Augeson*, 2003 WL 1908163, at *2 (Minn. Ct. App. April 22, 2003) (regarding established business); *see also Spinett, Inc. v. Peoples Natural Gas Co.*, 385 N.W.2d 834, 839 (Minn. Ct. App. 1986) (regarding new business). Similarly, Mississippi law provides that a party may prove lost future profits for a breach of fiduciary duty claim through evidence of his past profits. *Lane v. Lampkin*, 2014 WL 4548870, at *9 (Miss. Ct. App. Sept. 16, 2014) (affirming calculation of damages methodology for breach of fiduciary duty claim).

Here, Russell submitted "tax returns, client lists, client files and other documentation" in response to discovery requests, and now seeks to rely on these documents—particularly, his

5

client list—as evidence of his future damages. Under both Minnesota and Mississippi law, Russell may use these documents at trial to the extent they show his past profits and are otherwise admissible under the Federal Rules of Evidence.[5] Allianz's motion to exclude such evidence of future damages will be denied.

## II
## Conclusion

For the reasons above: (1) the motion in limine [126] regarding defendants' citizenship and retained law firms is **GRANTED**; (2) the motion in limine [127] regarding "sending a message" and "conscience of the community" is **GRANTED**; (3) the motion in limine [128] regarding emotional distress damages is **GRANTED**; (4) the motion in limine [129] regarding damages evidence is **GRANTED in Part and DENIED in Part.** It is granted to the extent Russell relies on information not disclosed in discovery but denied as to information disclosed in discovery, if otherwise admissible; (5) the motion in limine [125] regarding bifurcation and net worth and/or financial status is **GRANTED in Part and DENIED in Part**. The motion is granted as to the request to bifurcate any punitive damages phase from the liability and compensatory damages phase of trial and as to the request to exclude evidence or any mention of Defendants' net worth and/or financial status during the liability and compensatory damages phase of trial. The motion is denied as to the request to exclude the same from any punitive damages phase of trial, if reached.

SO ORDERED, this the 8th day of January, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Allianz argues that Russell's client list does not constitute evidence of damages and is therefore not relevant under the Federal Rules of Evidence. The Court will address this evidentiary issue at trial, if raised.